# EXHIBIT 1

FILED
18 JUL 24 PM 4:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-18374-0 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| MERLE NICHOLS, On Behalf of Himself and all others similarly situated, | CLASS ACTION |
| Plaintiffs, | No. |
| v. | COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND FOR DAMAGES |
| GEICO INSURANCE CO., a foreign automobile insurance company, | |
| Defendant. | |

The Plaintiff, by and through his attorneys of record, Badgley Mullins Turner PLLC and Law Office of Randall Johnson, PLLC, alleges as follows:

I.  **NATURE OF THIS ACTION**

1.1   Defendant GEICO Insurance Co. ("GEICO") has engaged in a systematic practice of prematurely and unlawfully depriving its injured claimants of medical benefits under Personal Injury Protection (PIP) coverage. PIP coverage typically promises that the insurer will pay a first-party insured or a third-party beneficiary "reasonable and necessary" medical expenses incurred from bodily injuries sustained in an automobile accident.

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1.2     PIP benefits may be terminated by an insurance carrier for only one of four reasons: if treatment is not (1) reasonable, (2) necessary, (3) related to the accident, or (4) incurred within three years of the accident.  WAC 284-30-395(1).  No other reasons for terminating benefit payments are permitted.  Despite this, GEICO has terminated benefit payments to first-party insureds and third-party beneficiaries when it contends that an insured has achieved "maximum medical improvement" ("MMI") for the bodily injury claim.  This action concerns the thousands of consumers who have had their benefits terminated by GEICO under GEICO's use of MMI in terminating their PIP benefits and denying coverage for treatment received by the insured following GEICO's determination that an insured has reached MMI.

## II.  THE PARTIES

2.1     Plaintiff Nichols was, and at all times material hereto is, a resident of King County, Washington.

2.2     Defendant GEICO was, and at all times material hereto is, an automobile insurance carrier licensed to provide insurance under the laws of the State of Washington to Washington residents. GEICO is a wholly owned subsidiary of Berkshire Hathaway whose headquarters is in Omaha Nebraska. GEICO does business in King County, Washington.

2.3     At all times material to this Complaint, Plaintiff was a third-party beneficiary under a contract of insurance between Defendant and Ms. Shannon Sullivan who, on information and belief, dutifully paid all premiums.  Ms. Sullivan's coverage was in force on January 15, 2015.  On January 15, 2015, Plaintiff was injured in an automobile accident and in order to obtain treatment for his injuries, opened a PIP claim with Defendant.

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## III. CLASS ALLEGATIONS

3.1    Plaintiff brings all claims herein as class claims pursuant to Civil Rule 23 and Local Rule 23.  The requirements of these rules are met with respect to the class defined below.

3.2    The class consists of all first party insureds and all third-party beneficiaries of any automobile insurance policies issued by GEICO in the State of Washington, who made a claim for PIP benefits, and GEICO terminated their PIP benefits, limited their benefits, or denied coverage for future treatment of injuries based on GEICO's contention that the insured had reached MMI, or that such treatment or benefits were not essential in achieving MMI for the injuries arising out of the automobile accident.

3.3    Joinder of all members of the class is impractical, as the class consists of several hundred, if not thousands, of persons located in Washington who have been impacted by the Defendant's conduct identified herein.  The exact number of class members can be determined by appropriate discovery.

3.4    There are questions of law and fact that are common to the class, including, but not limited to, the following:

   A.    Whether it is lawful for GEICO to terminate or limit benefits based upon a claimant reaching, according to GEICO, "maximum medical improvement."

   B.    Whether a Declaratory Judgment should be entered declaring GEICO's pattern or practice of denying coverage on the basis of MMI is unlawful.

   C.    Whether GEICO should be enjoined from such further unlawful conduct.

   D.    Whether GEICO's conduct damaged class members.

   E.    The nature and extent of damages that insureds have suffered as a result of

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

GEICO's pattern or practice of denying claims based on MMI.

F.  Whether GEICO's unlawful conduct as alleged in this Complaint extinguishes any contractual or equitable subrogation interest Defendant may have in its insureds' recoveries.

3.5  The interest of Plaintiff in this matter are the same as the interests of the other members of the class. His claim arises from the same practice and course of conduct that gives rise to the claims of other potential class members.

3.6  Plaintiff is committed to vigorously pursuing this action on behalf of the class and has retained counsel competent to handle class actions of this sort. Plaintiff will fairly and adequately represent the interests of the class members and has no interests that conflict with those of the rest of the class.

3.7  The prosecution of separate actions by members of the class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court may determine that challenged actions violate Washington law and enjoin them, while another may decide that those same actions are somehow permissible. Similarly, individual actions may be dispositive to the interests of the class.

3.8  Defendant has acted in a consistent manner towards all class members such that a pattern of activity is apparent. That is, Defendant has arbitrarily inserted a fifth element to WAC 284-30-395(1), and denied claims on this basis, which constitutes an unfair practice that affects all class members. Defendant's actions apply to the class as a whole and Plaintiff seeks equitable remedies with respect to the entire class.

3.9  The common questions of law and fact identified above predominate over those questions that affect only individual class members. Moreover, a class action is the

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 4

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

superior method for a fair and efficient adjudication of this controversy because Defendant's practice of denying coverage of claims based on MMI is pervasive across many automobile insurance policies which provide for PIP protection.  The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct this litigation, and the likelihood that the insured submitted the treatment Defendant denied to their health insurer for payment.  To Plaintiff's knowledge, no similar cases are currently pending against this Defendant by other members of the class.  Plaintiff's counsel, experienced in class actions, foresees little difficulty managing this case as a class action.

3.10    The prerequisites for maintaining a class action for injunctive relief exist in this case.  If injunctive relief is not granted, great harm and irreparable injury to Plaintiff and other members of the class will continue, and Defendant will continue denying coverage and treatment on the basis of MMI.  The proposed class has no adequate remedy at law for the injuries which will recur, given that Defendant will continue to mislead its first-party insureds and cause them economic and non-economic injuries unless prevented by this Court.  An order, finding money damages alone, would be meaningless to those who will be injured by Defendant's conduct in the future if the challenged conduct is allowed to continue, and for those who rely on Defendant in selecting an insurance provider and seeking care for their injuries arising out of an automobile accident.

### IV. VENUE AND JURSIDICTION

4.1    This Court has jurisdiction over Plaintiff's claims pursuant to RCW 2.08.010, which grants the Superior Court with jurisdiction to hear disputes of this type.

4.2    This Court has jurisdiction over Defendant because Defendant is authorized to conduct business in the State of Washington and does transact business in Washington

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

through the sale of insurance policies.

4.3    Venue is proper in King County under RCW 4.12.025 since Defendant transacts business in King County, the third-party beneficiary resides in King County, and many of the alleged violations of law occurred in King County.

## V.  STATEMENT OF FACTS AS TO PLAINTIFFS.

5.1    Defendant is a foreign insurer who is licensed to provide automobile liability insurance in the State of Washington and does provide automobile liability insurance in the State of Washington.  Defendant's automobile policies include optional coverage for Personal Injury Protection ("PIP").  Defendant's promise of PIP coverage states in pertinent part, "[p]ayments made under personal injury protection coverage are limited to the **reasonable and necessary expenses** incurred." (emphasis in original) These payments are available for up to three years for bodily injury sustained in an automobile accident. The PIP payments include "[m]edical and hospital benefits" which the policy defines as, "payments for all **reasonable and necessary expenses** incurred by or on behalf of the **insured** for injuries sustained as a result of an automobile accident for necessary: [specified medical expenses] that are rendered by a licensed medical provider within the legally authorized scope of the provider's practice and are essential in achieving *maximum medical improvement* for the bodily injury sustained in the accident." (bolded emphasis in original and italicized emphasis added).

5.2    Insurance regulations in Washington limit the reasons for which an insurer can terminate, limit, or deny PIP benefits.  These regulations authorize an insurer to terminate, limit, or deny PIP benefits:

(1) if the treatment is not reasonable;

(2) if the treatment is not necessary:

(3) if the treatment is not related to the motor vehicle accident; or

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 6

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

(4) if the treatment was not incurred within three years of the date of the motor vehicle accident.

5.3     No other grounds for terminating, limiting, or denying PIP benefits may be used.

5.4     Despite the clear regulations, Defendant has terminated, limited, or denied its first-party insureds and third-party beneficiaries PIP benefits while they were still receiving treatment for injuries by arguing that the treatment, and any future treatment, was unnecessary since the claimant had reached maximum medical improvement.  Defendant argues that once maximum medical improvement has been reached, further medical treatment would be unreasonable, unnecessary, or unrelated to the accident.

5.5     By inserting MMI as a basis for terminating, limiting, or denying PIP benefits, Defendant is engaging in a scheme to manufacture a defense to first-party and third-party beneficiary claims.

5.6     Defendant has a duty to act in good faith.

5.7     Ms. Shannon purchased an automobile policy from Defendant and, on information and belief, paid all sums due and owing to maintain coverage.  Ms. Shannon purchased PIP coverage offered by Defendant. Her policy, and PIP coverage, was in effect on January 15, 2015, the date in which she was involved in an accident with the Plaintiff.

5.8     On January 15, 2015, Plaintiff was involved in an automobile accident with Ms. Shannon and was injured.  He opened a PIP claim with defendant and sought treatment for his injuries.

5.9     Plaintiff. Nichols was treated for his injuries beginning in February of 2015 and that treatment has continued to the present.

5.10    Plaintiff Nichols engaged in physical therapy from August 2015 to September of 2016.

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 7

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

5.11    Mr. Nichols was treated at University of Washington Medical Center and Seattle Spine & Sports Medicine during the period of February 2015 to the present.

5.12    While Plaintiff was receiving PIP benefits, GEICO requested that Plaintiff undergo a medical examination for determining, among other things, whether he had reached, in the eyes of his insurer, "maximum medical improvement" or MMI.

5.13    GEICO then terminated Plaintiff's PIP benefits, contending that he had reached MMI as of August 11, 2015, and therefore, no further treatment would be deemed reasonable or necessary or otherwise recoverable from GEICO's PIP coverage.

5.14    GEICO's PIP benefits were then terminated by GEICO despite the fact Plaintiff needs ongoing and continuing medical treatment.

## FIRST CAUSE OF ACTION- DECLARATORY RELIEF

6.1    Plaintiff incorporates all preceding paragraphs.

6.2    Plaintiff and the Class are entitled to PIP benefits under automobile policies with PIP benefits.

6.3    Defendant terminated, limited, or denied PIP coverage under an automobile policy with PIP coverage benefits utilizing maximum medical improvement as a reason for the denial.

6.4    An actual and justiciable controversy has arisen and now exists between the Class and Defendant concerning Defendant's use of MMI as a basis for terminating, limiting, or denying PIP benefits.  The Class is entitled to a judicial declaration from this Court of the rights of the Class and obligations of Defendant under the policy.  The Class is entitled to a judicial declaration that Defendant has acted in bad faith by misrepresenting policy provisions, failing to disclose all pertinent benefits, and compelling policy holders to initiate or submit to litigation to recover amounts due under the policy.  This action is timely and appropriate under applicable law.

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## SECOND CAUSE OF ACTION- INSURANCE FAIR CONDUCT ACT VIOLATIONS/BAD FAITH

7.1     Plaintiff incorporates all preceding paragraphs.

7.2     RCW 48.30.015 provides that any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs for violations of specified insurance statutes and regulations.

7.3     Defendant has breached applicable regulations, including but not limited to:

- Terminating, limiting, or denying PIP coverage in violation of WAC 284-30-355(1) by using MMI as a criterion for terminating PIP benefits.
- Misrepresenting pertinent facts or insurance policy provisions in violation of WAC 284-30-330 (1) by misrepresenting pertinent facts or insurance policy provisions relating to PIP coverage.
- Refusing to pay PIP benefits without conducting a reasonable investigation in violation of WAC 284-30-330(4), including, but not limited to, investigating whether Defendant was entitled to terminate, limit or deny PIP benefits on the basis of MMI, using MMI as a pre-textual basis for terminating benefits, and not examining whether Plaintiff's claims for PIP benefits were valid under the four criteria authorized for terminating benefits under Washington law
- Forcing Plaintiff and its insureds to initiate litigation in order to obtain policy benefits in violation of WAC 284-30-330(7).
- Breaching statutory and common law duties to act in good faith by denying valid claims on a basis that any reasonable investigation would have proven to be an insufficient reason for denying coverage.

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 9

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

7.4     Defendant's denial of Plaintiff's future treatment misrepresents pertinent facts or insurance policy provisions;

7.5     Plaintiff and the Class are entitled to recover damages, including attorney fees, prejudgment interest, and exemplary damages as a result of Defendant's violations.

**THIRD CAUSE OF ACTION- CONSUMER PROTECTION ACT VIOLATIONS**

8.1     Plaintiff incorporates all preceding paragraphs.

8.2     The business of insurance affects the public interest.

8.3     This policy was intended to provide coverage for personal injury protection. Defendant is charged with paying PIP claims that are reasonable, necessary, related to the accident, and incurred within three years of the date of the accident.

8.4     Defendant has engaged in unfair, misleading, and deceptive acts by inserting maximum medical improvement as an additional reason for terminating PIP benefits, and in using MMI as a basis for arguing that care or treatment is not reasonable, is not necessary, or is not related to the accident.

8.5     Defendant's conduct violates the Consumer Protection Act, RCW 19.86 *et seq*.

8.6     Plaintiff and the Class have been damaged as a result of these violations, and Plaintiff is entitled to recover his damages, including attorney fees, prejudgment interest, and exemplary damages.

**FOURTH CAUSE OF ACTION- COMMON LAW BAD FAITH**

9.1     Plaintiff incorporates all preceding paragraphs.

9.2     RCW 48.01.030 requires each insurer to act in good faith toward its insured. Defendant misrepresented policy and statutory provisions and, among other things, structured its investigation of Plaintiff's PIP claim to manufacture a basis for denying coverage.

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES - 10

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

9.3     Specifically, by inserting MMI into the evaluation of Plaintiff's claims for PIP benefits, Defendant is elevating its own financial interests--avoiding the financial obligation of paying a claim—over that of its first-party insured or third-party beneficiaries, the PIP benefit.

9.4.    Defendant's conduct is egregious and pervasive, and without regard to the medical needs of its first-party insureds or third-party beneficiaries.

9.5     Defendant's conduct violates the common law duty of an insurer acting in good faith.

9.6     As a result, Plaintiff and the Class are entitled to recover damages, including attorney fees, prejudgment interest, and exemplary damages.

**FIFTH CAUSE OF ACTION- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

10.1    Plaintiff incorporates all preceding paragraphs.

10.2    Defendant has breached the implied covenant of good faith and fair dealing owed to Plaintiff and the Class.

10.3    Plaintiff and the Class have been damaged as a result of Defendant's use of MMI as a criterion in terminating, limiting, or denying PIP benefits.

10.4    Plaintiff and the Class are entitled to recover his actual and consequential damages including his attorney fees and pre-judgment interest.

**DEMAND FOR JURY**

11.1    Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.  In the event this matter is removed, then this prayer for a jury trial should be construed as a demand for jury under Rule 81.

**VI.  PRAYER FOR RELIEF**

WHEREFOR, the Plaintiff prays for the following relief:

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 11

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1. For an order certifying the class and permitting the case to be prosecuted as a class action.
2. A declaration that GEICO has violated and continues to violate Washington Law, including, but not limited to the Consumer Protection Act, the Insurance Fair Conduct Act, and Washington Insurance Regulations by inserting MMI as a criterion for terminating, limiting, or denying PIP claims.
3. A declaration that GEICO, by committing the acts alleged in this Complaint, has breached and continues to breach its insurance contracts with Plaintiff and the Class.
4. A declaration that, by committing the acts alleged in this Complaint, Defendant has acted in bad faith and continues to commit the tort of bad faith in its handling of insurance claims.
5. A declaration that, by committing the acts alleged in this Complaint, Defendant has violated the Insurance Fair Conduct Act.
6. A declaration that, by committing the acts alleged in this Complaint, Defendant has violated the Consumer Protection Act.
7. A declaration that, by committing the acts alleged in this Complaint, Defendant has breached the implied covenant of good faith and fair dealing.
8. A declaration that, by committing the acts alleged in this Complaint, Defendant has extinguished its right to claim subrogation/reimbursement on payments made on the insured's PIP claims.
9. An injunction, requiring Defendant to immediately cease and desist from utilizing MMI, in name or in substance, as a basis for terminating, limiting, or denying PIP claims.

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 12

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

10. An award to Plaintiff and the Class for all damages, namely the amount of any and all medical expenses incurred by claimants following Defendant's denial of PIP benefits using MMI as a criterion for the termination, limitation, or denial of future benefits, together with any and all enhancements provided by statutes, pre-judgment interest, and attorney fees awarded by statutes and under *Olympic Steamship*.

11. Repayment to its insureds of the subrogation payments received by Defendant on behalf of its insureds for PIP benefits paid.

12. An award to Plaintiff and the class for all damages incurred and proven at trial.

13. An award of treble damages under the Insurance Fair Conduct Act and all allowable enhanced damages under the Consumer Protection Act.

14. A waiver of Defendant's subrogation interest in repayment of PIP claims in which treatment was unlawfully denied, limited, or terminated.

15. Any and all further relief as the Court may deem just and equitable.

DATED this 24th day of July, 2018.

BADGLEY MULLINS TURNER PLLC

/s/Duncan C. Turner
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:   (206) 621-9686
Email:  duncanturner@badgleymullins.com
Attorneys for Plaintiffs and Class

LAW OFFICE OF RANDALL C. JOHNSON, PLLC

/s/Randall C. Johnson, Jr.
Randall C. Johnson, Jr., WSBA No. 24556

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 13

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

P.O. Box 15881
Seattle, WA 98115
Telephone: (206) 890-0616
Email: rcjj.law@gmail.com
Attorneys for Plaintiffs and Class

COMPLAINT FOR DECLARATORY
JUDGMENT AND DAMAGES - 14

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686