UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERLE NICHOLS,<br><br>                    Plaintiff,<br><br>     v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>                    Defendants. | CASE NO. C18-1253-RAJ<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

On November 20, 2019, the Court conducted a hearing related to Plaintiff's pending Motion to Compel. (*See* Dkts. 25 & 49.) Having considered the motion and all related briefing, and having held oral argument, the Court hereby finds no further briefing necessary, reduces its oral decision at hearing to writing, GRANTS in part and DENIES in part plaintiff's Motion to Compel (Dkt. 25), and directs the Clerk to send a copy of this Order to the parties and to the Honorable Richard A. Jones.

The Court further ORDERS discovery take place as follows:

1.  Responding to Plaintiff's Request for Production (RFP) No. 2, Defendant GEICO General Insurance Company ("GEICO") shall confirm that it has no custody or control of responsive documents, and shall provide a Declaration verifying, either that: (a) it has provided

ORDER RE: MOTION TO COMPEL
PAGE - 1

copies of all correspondence within its custody and control that it sent to the medical provider who performed the independent medical examination ("IME") on Plaintiff related to Plaintiff's individual claim; or (b) supplement its responses to include any additional correspondence that it finds.

2. With regard to RFP No. 3, which calls for production of "all correspondence and or other communication that refers or relates to Defendant's engagement of physicians (or groups of physicians) to evaluate PIP claims made to you by PIP claimants in the State of Washington from July 24, 2012 to present," Plaintiff has clarified that: (a) he is seeking production of the contract or contracts between GEICO and an IME provider—whether the provider is an individual physician, or a vendor of services like MCN—and GEICO need not produce "all correspondence" that refers or relates to the contract itself; (b) he is seeking any "standard" questions or list of approved questions that GEICO has exchanged with the individual providers of IME's or IME vendor; and (c) he is seeking responsive documents—as in the specific questions GEICO asked the IME physician or IME vendor to opine on—for PIP claims arising in the State of Washington from July 24, 2012 through January 3, 2019, with redactions for personal identifying information. GEICO shall produce all responsive documents. If GEICO responds by stating that it has no responsive documents, GEICO must also certify that it has no custody or control of responsive documents. The requirement to produce documents within GEICO's custody and control does not require GEICO to obtain documents from a third party.

Plaintiff shall also be entitled to resume his discovery from third-parties, like MCN, for responsive documents. GEICO shall not object to any such efforts to obtain responsive documents from third parties.

3.      Additionally, GEICO has informed Plaintiff of the total number of GEICO PIP claims that were made in the State of Washington during the six year class period that Plaintiff alleged is appropriate for discovery.[1] GEICO will, through a qualified expert, have 500 of those claims chosen at random through a random number generator, and will have its expert outline his process confirming the random nature of the 500 claim list via Declaration.  GEICO will further, for purposes of class certification only, stipulate that these 500 claims are a statistically valid sample of the total number of PIP claims that GEICO had in Washington during the alleged putative class period ("the Sample"), and that the claims during the alleged putative class period would, if reviewed, be consistent with the information contained in the Sample.  GEICO shall then review the 500 PIP claims that comprise the Sample (the "Sample Review") and shall use the data obtained from the Sample Review to respond to Plaintiff's discovery as follows:

    A.      In responding to Interrogatory Number 1, GEICO will provide the information requested by Plaintiff as estimates based upon the results of the Sample Review.

    B.      In responding to RFP No. 3, it shall provide any direct correspondence found in the Sample Review between GEICO and any physician or medical provider which discusses or involves an IME being performed by the medical provider to an individual claimant.

---

[1] The total number of claims discussed at the hearing began on July 24, 2012 and continued through January 3, 2019 (when GEICO obtained a list of its PIP claims for responding to Plaintiff's discovery requests).  The Court recognizes GEICO disputes what the appropriate time frame is for the claims alleged in this lawsuit and is not deciding that issue at this time.  However, the Court is ordering GEICO to disclose information from the six years before the initial Complaint was filed.

ORDER RE: MOTION TO COMPEL
PAGE - 3

        C.     In responding to RFP No. 8, GEICO shall provide all correspondence and/or records of communication between GEICO and a GEICO insured that is included in the Sample Review that includes the phrases "maximum medical improvement" or "MMI."

4.     GEICO shall supplement its discovery within **thirty (30) days** of the date of this Order.

5.     GEICO is entitled to redact any personal identifying information and/or sensitive medical or other such information, but its failure to redact such information shall not be deemed an intentional waiver of its right to do so, and shall instead be considered an inadvertent waiver that, upon discovery, Plaintiff shall inform GEICO of so that GEICO can properly redact such information.  All information disclosed pursuant to this Order shall be subject to the February 20, 2019 Protective Order.  Plaintiff and his counsel shall not use any information obtained from either GEICO or from any third-party discovery that they obtained via this discovery as a lead, means or method for contacting any GEICO insured, customer or any person claiming PIP benefits by or through a GEICO Policy before a class is certified.  Notwithstanding this provision, Plaintiff and his counsel are not precluded from current, on-going, attempts to communicate with potential claimants through means other than GEICO's responses to discovery.  Because all personal identifying information shall be redacted from documents produced by GEICO, GEICO may not presume a breach of this Order if any potential claimants are added to the case before class certification.

DATED this <u>8th</u> day of January, 2020.

 

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: MOTION TO COMPEL
PAGE - 4