UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERLE NICHOLS,

           Plaintiff,

    v.

GEICO GENERAL INSURANCE COMPANY,

           Defendant.

CASE NO. C18-1253-RAJ

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER

## INTRODUCTION

Defendant GEICO General Insurance Company ("GEICO") filed a Motion for Protective Order, requesting oral argument. (Dkt. 61.) Plaintiff opposes the Motion. (Dkt. 64.) Now, having considered the motion, related briefing, and the remainder of the record, the Court finds oral argument unnecessary and herein GRANTS in part and DENIES in part defendant's Motion for Protective Order. (Dkt. 61.)

## BACKGROUND

As observed in plaintiff's opposition, this suit concerns GEICO's use of "maximum medical improvement" (MMI) in adjusting Personal Injury Protection (PIP) claims in Washington State. Plaintiff filed suit on behalf of himself and all others similarly situated, but the parties

ORDER RE: PROTECTIVE ORDER
PAGE - 1

stipulated to and jointly requested a suspension of deadlines, including the deadline for seeking class certification, while awaiting a ruling on a previously pending motion to compel. (*See* Dkt. 28.) The Court thereafter held oral argument and issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel discovery from GEICO. (Dkt. 56.)[1]

The Court's Order addressing the motion to compel clarified the parameters of a Request for Production (RFP) of correspondence and/or other communication referring or relating to GEICO's "engagement of physicians (or groups of physicians) to evaluate PIP claims" by Washington claimants, while noting plaintiff's entitlement to resume third-party discovery, and outlined its ruling regarding GEICO's production of a representative sample of claims to be used to respond to other discovery requests. Defendant now moves for a protective order relating to three Subpoena Duces Tecum (SDT) plaintiff submitted to third parties Dane Street, Medical Consultants Network (MCN), and MES Solutions, Inc. (MES), identified by plaintiff as contracting with defendant GEICO to perform independent medical examinations (IME). (Dkt. 61, Exs. 1-3.)

## DISCUSSION

A party may, in discovery, issue a Rule 45 subpoena to a non-party seeking the relevant and proportional discovery allowed for under Rule 26. *See* Fed. R. Civ. P. 26(b)(1) and 45. *Silcox v. AN/PF Acquisitions Corp.*, C17-1131-RSM, 2018 WL 1532779 at *3 (W.D. Wash. Mar. 29,

---

[1] Consistent with the request contained in the stipulation, the Court ordered the parties to "submit new proposed dates for the deadlines relating to class certification within fifteen days of the Court's ruling on Plaintiff's Motion to Compel." (Dkt. Entry dated April 15, 2019.) The Court ruled on the motion to compel on January 8, 2020, defendant filed its motion for a protective order on March 5, 2020, and the parties have not, to date, submitted new proposed deadlines relating to class certification.

ORDER RE: PROTECTIVE ORDER
PAGE - 2

2018) (citations omitted).[2] An opposing party has standing to seek a protective order to limit the third-party discovery. *Silcox*, 2018 WL 1532779 at *3 (citation omitted).

Even where relevant and proportional, the Court may limit discovery pursuant to Rule 26 where it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The Court may also, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A), (D). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotypical and conclusory statements' supporting the need for a protective order." *Silcox*, 2018 WL 1532779 at *3 (quoting *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (quoted source omitted)). *See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (requiring demonstration of harm or prejudice that will result from discovery).

Rule 45 also provides for the Court's ability to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). For example, on timely motion, the Court must quash or modify a subpoena that subjects a person to undue burden, and may, "to protect a person subject to or affected by a subpoena," quash or modify a subpoena requiring disclosure of "commercial information[.]" Fed.

---

[2] Rule 26 specifically provides for discovery of any nonprivileged matter both relevant to a claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(c)(1).

ORDER RE: PROTECTIVE ORDER
PAGE - 3

R. Civ. P. 45(d)(3)(A)(iv), (B)(i).  While there is no Ninth Circuit authority providing a party standing to quash a third-party subpoena, district courts generally recognize an assertion of privilege as providing such standing.  *Robertson v. Catholic Cmty. Servs. of W. Wash.*, C19-1618-RSM, 2020 WL 1819842 at *5 (W.D. Wash. Apr. 10, 2020) (citing *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014)).  *See also Allstate Insurance Co. v. Lighthouse Law P.S. Inc.*, C15-1976-RLS, 2017 WL 497610 at *3 (W.D. Wash. Feb. 7, 2017) ("A party has standing to quash a subpoena issued to a third party only where the party asserts a 'legitimate privacy interest in the material sought.'") (quoting *Abu v. Piramco Sea-Tac Inc.*, No. C08-1167-RSL, 2009 WL 279036 at *1 (W.D. Wash. Feb. 5, 2009)).

      GEICO here argues the scope of the SDTs are improperly broad and disproportionate to the case.  GEICO concedes plaintiff may be entitled to some discovery from third party MCN relating to his own claim, the IME performed by MCN, and documents demonstrating GEICO's contractual relationship with MCN, if any.  However, GEICO maintains plaintiff improperly seeks to obtain information on individual GEICO claimants in order to look for new class representatives or to pursue individual claims when class certification is denied.  GEICO contends the Court already limited the scope of allowable discovery to the sample produced in response to the motion to compel.  GEICO also takes issue with the fact the SDTs seek GEICO insureds' protected health information and proprietary GEICO information regarding its contractual relationships (which may include sensitive agreed-upon pricing, etc.).  It asserts putative class members' personal identifying information is not discoverable at this pre-certification stage of the proceedings and rejects the sufficiency of telling third parties they "may" redact personal identifying/specific medical information.  (*See* Dkt. 61, Exs. 1-3.)  GEICO notes plaintiff did not include with the SDTs the Court-Ordered Protective Order requiring such redaction (*see* Dkt. 23), agree to

compensate the third parties for the time and expense required for redaction, or even offer GEICO the opportunity to perform the redaction. GEICO also, in addition to other arguments and in lieu of quashing the SDTs, requests specific limitations for Requests 3-11, including limitations associated with vague terms, overbroad, vague, and ambiguous requests, and requests seeking information beyond the relevant time period. (*See* Dkt. 61 at 10-12.)

Plaintiff contends GEICO misrepresents the record in this case and the Court's Order on the motion to compel. Plaintiff maintains GEICO waived any objections to and is judicially estopped from preventing discovery from the IME providers given the Court's ruling explicitly allowing for such discovery. Plaintiff also asserts GEICO lacks standing to raise objections on behalf of third parties. Plaintiff, finally, rejects any contention it is not allowed to conduct discovery to determine whether GEICO utilized MMI to craft a class certification motion. GEICO counters plaintiff's arguments in its reply (Dkt. 65) and includes the letters objecting to the SDTs submitted by each third-party recipient (*id.*, Ex. 4).

As discussed below, the Court agrees with plaintiff that GEICO, at least in part, fails to accurately portray either the Court's ruling on the motion to compel or the information now sought by plaintiff. The Court also finds GEICO entitled to certain limitations in the SDTs submitted to third parties.

A.   Contracts and Forms

The Court's Order addressing plaintiff's motion to compel considered an RFP calling for production of "'all correspondence and or other communication that refers or relates to Defendant's engagement of physicians (or groups of physicians) to evaluate PIP claims made to you by PIP claimants in the State of Washington from July 24, 2012 to present[.]'" (Dkt. 56 at 2.) The Court noted with respect to this RFP:

ORDER RE: PROTECTIVE ORDER
PAGE - 5

> . . . Plaintiff has clarified that: (a) he is seeking production of the contract or contracts between GEICO and an IME provider – whether the provider is an individual physician, or a vendor of services like MCN – and GEICO need not produce "all correspondence" that refers or relates to the contract itself; (b) he is seeking any "standard" questions or list of approved questions that GEICO has exchanged with the individual providers of IME's or IME vendor; and (c) he is seeking responsive documents – as in the specific questions GEICO asked the IME physician or IME vendor to opine on – for PIP claims arising in the State of Washington from July 24, 2012 through January 3, 2019, with redactions for personal identifying information.

(*Id*.) The Court directed GEICO to produce all responsive documents to this discovery request or to certify it had no custody or control over any such documents, and clarified that the requirement to produce documents in GEICO's custody and control did not require GEICO to obtain documents from a third party. The Court further ordered as follows: "Plaintiff shall also be entitled to resume his discovery from third-parties, like MCN, for responsive documents. GEICO shall not object to any such efforts to obtain responsive documents from third parties." (*Id*.)

Contrary to GEICO's contention, the Court did not limit allowable discovery to the sample produced in response to the RFP discussed below and, indeed, explicitly provided for plaintiff's ability to seek discovery from third parties. Nor is the Court precluded from allowing such discovery. The Court, instead, retains broad discretion over the class certification process. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). The decision of whether or not to permit discovery "'lies within the sound discretion of the trial court.'" *Id*. (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)) (also stating: "Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). *Cf. Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (trial court does not abuse discretion in refusing to allow class discovery

where a plaintiff does not advance "a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.")

A number of the SDT requests seek the same or similar information from third parties as that allowed for in the above-described RFP to GEICO. Specifically, Request 3 seeks "contracts" between GEICO and the third party regarding the performance of medical examinations in Washington, while Requests 4-7 seek "generic forms" (1) containing "instructions" created or used by GEICO or the third party for performing the medical examinations (Request 4); (2) relating to GEICO's monitoring or supervision of the third party's performance to ensure compliance with GEICO's instructions (Request 5); (3) containing "oversight conditions" used by GEICO in connection with the third party's retention (Request 6); and (5) consisting of forms drafted by GEICO or used by the third party for the examinations "(including but not limited to questions the medical practitioner is instructed to answer)" (Request 7). (Dkt. 61, Exs. 1-3.) In each of these requests, plaintiff clarifies the third party is "not being asked to produce copies of completed medical assessments performed by [the third party] or its doctors[.]" (*Id.*) The requests for contracts and generic forms do not, as such, implicate GEICO's concerns regarding a search for class representatives or individual claimants or the privacy of GEICO insureds. Nor does the Court find the requests vague, requiring further clarification, or failing to meet the Rule 26 requirements of relevance and proportionality.

The Court does, however, agree with GEICO some limitations on these and other requests are warranted. For instance, plaintiff should provide and clarify the applicability of the February 20, 2019 Protective Order (Dkt. 23) to any documents produced, and thereby address GEICO's concerns regarding any proprietary information. Plaintiff should also limit the requests to the

ORDER RE: PROTECTIVE ORDER
PAGE - 7

disclosure of materials for the six years before the filing of the initial Complaint, the same time limitation applied in relation to the motion to compel.[3]  In addition, Requests 9 and 10 – seeking, respectively, "instructions provided to [the third party] for completing medical assessments on behalf of GEICO" and "relating to [the third party's] instructions to individual doctors or those performing medical examinations on behalf of GEICO" – should, like the preceding requests, be limited to generic forms and accompanied by the clarification the third party is not being asked to produce copies of completed medical assessments performed by the third party or its doctors.  (Dkt. 61, Exs. 1-3)

The Court also agrees with GEICO's opposition to Request 8.  In this request, plaintiff seeks documents or information "relating to medical assessments provided to [the third party] by GEICO, or exchanged between GEICO" and the third party and "relating to the contractual relationship" between GEICO and the third party, but does not require the production of completed medical assessments performed.  (*Id.*)  As argued by GEICO, this request does not adequately describe the documents or information sought, and appears overbroad, vague, ambiguous, and not proportional to the needs of this case.  Unless plaintiff is able to provide the necessary clarification of the documents and information sought in this request and show its compliance with the findings in this Order, it should not be included in any modified SDT provided to a third party.

The Court, finally, observes that GEICO does not offer any specific objection to the first two requests in each SDT – seeking basic information regarding the person in possession and control of documents produced and the person responding to the requests – or to the final request

---

[3] At hearing, the total number of claims discussed began on July 24, 2012 and continued through January 3, 2019 (when GEICO obtained a list of its PIP claims for responding to Plaintiff's discovery requests). (Dkt. 56 at 3.) As before, the Court recognizes GEICO disputes the appropriate time frame for the claims alleged in this lawsuit, but declines to decide the issue at this time.

in the MCN SDT – seeking documents and information relating to any medical examination of plaintiff performed on behalf of GEICO. (*Id*.) These requests need not be modified.

B.     Medical Examination Reports

In the Order addressing plaintiff's motion to compel, the Court considered GEICO's provision of a total number of GEICO PIP claims made in Washington during the six-year class period plaintiff alleged is appropriate for discovery, July 24, 2012 through January 3, 2019, and ordered GEICO to utilize a qualified expert to select 500 of those claims at random and use the data from that sample to respond to plaintiff's discovery requests. (Dkt. 56 at 3.) Production from the sample was to include, *inter alia*, any direct correspondence between GEICO and any physician or medical provider that discusses or involves an IME being performed by the medical provider to an individual claimant, and all correspondence and/or records of communication between GEICO and a GEICO insured including the phrases "maximum medical improvement" or "MMI." (*Id*. at 3-4.)

The Court acknowledged GEICO's dispute as to the proper time frame for claims alleged in the lawsuit, but declined to then decide the issue. The Court indicated GEICO could redact any personal identifying information and/or sensitive medical or other such information and that all information disclosed would be subject to the February 20, 2019 Protective Order. Further, plaintiff and his counsel were not to use any information obtained, either from GEICO or any third party, as a lead, means or method for contacting any GEICO insured, customer or any person claiming PIP benefits by or through a GEICO Policy before certification of a class, but were not precluded from current, on-going attempts to communicate with potential claimants through means other than GEICO's responses to discovery.

The SDTs, in Request 11, seek the following:

> All completed medical examination reports performed by [the third party] on behalf of GEICO in the State of Washington between July 24, 2012 and July 7, 2018. In responding to this request, personal identifying information, such as name, address and telephone number may be redacted. Specific medical information, such as injuries, may also be redacted. Any redactions, however, should not prevent Plaintiff from determining 1) whether this medical examination included a request to address [MMI], 2) the medical provider's conclusions relating to any request to address MMI, 3) and any date identifying when MMI has been, or will be, reached.

(Dkt. 61, Exs. 1-3.) As argued by GEICO, this request seeks claim information exceeding that allowed for in the representative sample of claims for class certification discovery. The Court's Order provided for the production of relevant documents from that sample, which GEICO asserts included "*relevant IME reports from third-party providers*[.]" (Dkt. 65 at 3 (emphasis retained).) This ruling accounted for GEICO's objection that a search for all IME-related documents would be unduly burdensome, requiring a file-by-file manual search of a very large total number of claim files (*see* Dkt. 53), and provided for GEICO's stipulation the 500 claims constituted a statistically valid sample of the total number of PIP claims in Washington during the alleged putative class period. It also protected against GEICO's concern information obtained would be utilized as a means to search for new class representatives or individual claimants prior to certification of a class. Plaintiff's current third-part discovery request for medical examination reports performed by the third party on behalf of GEICO necessarily seeks discovery exceeding that found relevant and proportional to the needs of this case at this stage in the proceedings.

Contrary to plaintiff's contention, GEICO did not waive and is not judicially estopped from offering its objections to this request. GEICO's current position in relation to the discovery request is, instead, consistent with that previously offered. *See Ah Quin v. County of Kauai Dept. of Transp.*, 733 F.3d 267, 749-50 (9th Cir. 2013) (factors informing the applicability of judicial

ORDER RE: PROTECTIVE ORDER
PAGE - 10

estoppel include, *inter alia*, whether a party's later position is "clearly inconsistent" with its earlier position) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)) (internal quotation marks omitted). Nor does GEICO lack standing. "[A] party clearly has standing to seek a protective order to limit discovery from a third party[,]" and third-party subpoenas must meet the relevance and proportionality requirements of Rule 26. *Silcox*, 2018 WL 1532779 at *3. Moreover, as argued both in GEICO's opposition and the third-party objections to the SDTs, good cause exists for an order precluding the discovery request under Rule 26(c)(1). That is, a response to Request 11 requires a search for and production of documents spanning a five-year period, necessitates redaction of confidential and protected health information, and would impose undue burden and expense on the responding parties.

GEICO is, in sum, entitled to a protective order, prior to a ruling on class certification, forbidding the disclosure of the documents and information sought in Request 11. Plaintiff shall exclude any such request from modified SDTs submitted to the third parties.

## CONCLUSION

The Court GRANTS in part and DENIES in part defendant's Motion for Protective Order. (Dkt. 61.) Modified SDTs submitted to Dane Street, MCN, and MES, and any other third-party vendors or providers, shall comply with the limitations set forth in this Order and be consistent with the Order Granting in Part and Denying in Part Plaintiff's Motion to Compel (Dkt. 56). The Clerk is directed to send a copy of this Order to the parties and to the Honorable Richard A. Jones

DATED this 30th day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge