THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERLE NICHOLS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign automobile insurance company, and its affiliates,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:18-cv-1253 RAJ<br><br>**JOINT PROPOSED CASE SCHEDULE**<br><br>Noting Date: May 12, 2020. |

Pursuant to the Court's Minute Order Requiring Submission of Joint Proposed Case Schedule [Dkt. 68], the parties have conferred and disagree as to whether Plaintiff's Deadline to Disclose Expert Witnesses (if Plaintiff intends to rely upon expert testimony in support of class certification) should be included in the new case schedule. The parties have also conferred, and have agreed to propose separate schedules for the Court's consideration of the following deadlines, pursuant to Fed. R. Civ. P. 6(b)(1) as follows:

　1. On August 24, 2018, Defendant GEICO General Insurance Company ("GEICO") filed its Notice of Removal, removing this case from King County to the Western District of Washington at Seattle [Dkt. 1].

JOINT PROPOSED CASE SCHEDULE- 1
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

2. On September 20, 2018, Plaintiff filed his Second Amended Complaint for Declaratory Judgment, Injunctive Relief, and For Damages [Dkt. 16].

3. Defendant GEICO filed its Answer to the Second Amended Complaint on October 4, 2018 [Dkt. 19].

4. On October 26, 2018 the Court entered its Order Setting Case Schedule [DKT. 18] setting the following deadlines:

   a. 2/1/2019 – Deadline for Plaintiff to disclose expert witnesses (if Plaintiff intends to rely upon expert in support of class certification)
   b. 2/15/2019 – deadline to join additional parties
   c. 3/1/2019 – deadline for Plaintiff to file Motion for Class Certification (24-page limit)
   d. 4/1/2019 – deadline for GEICO to disclose expert witnesses (if Defendant intends to rely upon expert in support of class certification)
   e. 5/1/2019 deadline to complete discovery on class certification
   f. 5/1/2019 deadline for GEICO to file Opposition to Plaintiff's Motion for Class Certification (24-page limit)
   g. 6/1/2019 deadline for Plaintiff to file Reply re Plaintiff's Motion for Class Certification (12-page limit)

5. On January 11, 2019 the parties filed a stipulated motion requesting an approximately 30 day extension of all remaining deadlines to allow time to confer re discovery issues [DKT. 21], and on January 14, 2019 the Court reset the deadlines as follows:

   a. 3/4/2019 – Deadline for Plaintiff to disclose expert witnesses (if Plaintiff intends to rely upon expert in support of class certification)
   b. 3/18/2019 – deadline to join additional parities
   c. 4/1/2019 – deadline for Plaintiff to file Motion for Class Certification (24-page limit)

JOINT PROPOSED CASE SCHEDULE- 2
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

    d. 5/1/2019 – deadline for GEICO to disclose expert witnesses (if Defendant intends to rely upon expert in support of class certification)

    e. 5/31/2019 – deadline to complete discovery on class certification

    f. 5/31/2019 – deadline for GEICO to file Opposition to Plaintiff's Motion for Class Certification (24-page limit)

    g. 7/1/201 – deadline for Plaintiff to file Reply re Plaintiff's Motion for Class Certification (12-page limit)

6. On February 7, 2019, GEICO filed its Objections and Responses to Plaintiffs' discovery requests.

7. On March 29, 2019 the parties jointly filed a Stipulated Motion to Extend Case Deadlines, asking the Court to enter the following deadlines [DKT. 24]:

    a. 4/15/2019 – deadline for Plaintiff to file Motion for Class Certification (24-page limit)

    b. 5/15/2019 – deadline for GEICO to disclose expert witnesses (if Defendant intends to rely upon expert in support of class certification)

    c. 6/14/2019 – deadline to complete discovery on class certification

    d. 6/14/2019 – deadline for GEICO to file Opposition to P's Motion for Class Certification (24-page limit)

    e. 7/15/2019 – deadline for Plaintiff to file Reply re P's Motion for Class Certification (12-page limit)

8. On April 2, 2019 the Court entered an Amended Case Schedule setting the deadlines requested by the parties in DKT. 24.

9. On April 15, 2019 the parties filed a Stipulated Motion to Extend Case Deadlines stating that the parties "stipulate to and jointly request a suspension of all deadlines in the Court's Finding issued on April 2, 2019 regarding Stipulated Motion to Extend Case Deadlines

JOINT PROPOSED CASE SCHEDULE- 3
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

(Dkt. 24) until the Court has had an opportunity to rule on the Plaintiff's Motion to Compel." Dkt. 28.

10. On April 15, 2019 the Court the Court ordered "all deadlines set forth on 4/2/2019 are SUSPENDED until the Court has ruled on Plaintiff's [25] MOTION to Compel."

11. On January 8, 2020 the Court entered an Order [DKT. 56] on Plaintiff's Motion to Compel, granting it in part and denying it in part.

12. Plaintiff served subpoenas on three third-parties dated January 21, 2020.

13. On February 7, 2020 GEICO produced documents and information to Plaintiff in compliance with the Court's Order.

14. On March 5, 2020 GEICO filed a Motion for Protective Order regarding the third-party subpoenas.  Dkt. 61.

15. On April 30, 2020 the Court entered an Order on Defendant's Motion for Protective Order, resolving outstanding discovery motions [Dkt. 67].

16. On May 5, 2020, the Court directed Parties to submit a joint proposed case schedule no later than May 12, 2020 through its Minute Order [Dkt 68].

17. **Plaintiff's Position Regarding Discovery.** Plaintiff's deadline to submit a Motion for Reconsideration to the Court's Order on Defendant's Motion for Protective Order is this Thursday May 14, 2020. Plaintiff intends to submit a Motion for Reconsideration as there is remaining discovery to be completed prior to filing a motion for class certification.

18. **Plaintiff's Position Regarding Plaintiff's Deadline to Disclose Expert Witnesses (related to Class Certification).** Plaintiff views the deadlines associated with class certification to be inextricably intertwined. While the date for Plaintiff to disclose expert witnesses related to class certification passed shortly before the parties stipulated to extend the other dates

JOINT PROPOSED CASE SCHEDULE- 4
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

associated with class certification, issues identified during the subsequent discovery have lead Plaintiff's counsel to the conclusion that a claims administrations expert may be useful for the Court in considering the issue of class certification. Plaintiff respectfully requests the Court set a new date for Plaintiff to disclose expert witnesses related to class certification in conjunction with all other deadlines related to class certification.

The Plaintiff will, of course, brief this issue if the Court so directs. Plaintiff takes issue with GEICO using a Joint Proposed Case Schedule as a vehicle to make argument when the Court has not requested such at this time.

19. **Defendant's Position on Proposed Case Schedule**

GEICO is surprised it has to file a position statement related to the deadlines for class certification briefing because, other than the initial date for Plaintiff to file its Motion for Class Certification, it understood all issues related to this to have been resolved well over 18 months ago. On September 25, 2018, the Parties had agreed on a briefing schedule related to the Motion for Class Certification, and the Court has entered 3 separate Orders establishing those deadlines. Pursuant to those Orders, Plaintiff was clearly and unequivocally required to disclose any expert witness he intended to use for class certification by no later than March 4, 2019. Despite having been fully aware of the March 4, 2019 deadline for months, Plaintiff elected not to disclose an expert witness by that date. Plaintiff did not contact GEICO and request additional time, did not file a Motion or otherwise raise this issue with the Court requesting any relief from the Court Order, and did not even raise the issue of wanting relief from that deadline at any point between March 4, 2019 and, literally May 11, 2020.

Plaintiff was aware of this Court-ordered deadline for the past 14 months and had multiple opportunities to ask for relief from the Court's Order—he chose not to. Thus, Plaintiff made a tactical decision not to disclose any expert in support of class certification prior to this Court's

JOINT PROPOSED CASE SCHEDULE- 5
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

expressly ordered deadlines. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.") (quotation omitted).  Plaintiff also made the tactical decision not to seek to extend the deadline to disclose any such expert prior to that date expiring.  In fact, Plaintiff twice stipulated to move all remaining deadlines relating to class certification after his expert disclosure deadline had expired and never sought to have a second opportunity to disclose an expert witness until now.  Luke v. Emergency Rooms, P.S., No. C04-5759FDB, 2008 WL 410672, at *4 (W.D. Wash. Feb. 12, 2008), aff'd sub nom. Luke v. Family Care & Urgent Med. Clinics, 323 F. App'x 496 (9th Cir. 2009) ("Failure to comply with expert disclosure authorizes the court to exclude the expert. This is a self-executing and automatic sanction.").  In other words, Plaintiff failed to comply with a clear Order of this Court for *over 14 months* without even suggesting he may want relief.

Plaintiff's failure to comply with this Court's Order is probably why, when this Court entered its May 5, 2020 Order directing the Parties to file a Joint Motion with certain deadlines, the Court did not ask for a deadline for Plaintiff to disclose an expert.  Plaintiff has not, and cannot, show good cause why he ignored the Court's prior scheduling Orders, likely because no good cause exists.  *Johnson*, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Plaintiff has waived his opportunity to disclose and offer any expert in support of class certification, and should not now, 14 months after the deadline passed without a word, get to revisit the issue.  *See id*.

JOINT PROPOSED CASE SCHEDULE- 6
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

1  GEICO also notes that, at the time Plaintiff filed his Motion to Compel, it was one day before his Motion for Class Certification was due. Plaintiff's Motion to Compel was heard by the Court, and he has been in possession of all relevant documents that he is entitled to receive from GEICO since, February 7, 2020. Plaintiff has had 3 months with that material, and GEICO sees little reason why he should not be able to file his Motion for Class Certification soon. With that said, as a professional courtesy, GEICO is taking Plaintiff's counsel at their word that they need additional time to prepare the Motion, and is willing to agree to a due date of July 3, 2020—almost two months from now.

However, Plaintiff's suggestion that he wants to conduct substantial third-party discovery, despite this case already being almost 2 years old and despite already having his third-party discovery expressly limited through a Protective Order is not appropriate. The fact that Plaintiff overreached with his attempts at discovery from both GEICO and third parties, and that he now wants to continue pursuing this irrelevant information, does not constitute good cause. GEICO's Motion for Protective Order relating to that discovery was fully briefed and an Order has issued. Plaintiff's intention to seek reconsideration of that Order does not support an additional 4-month delay. GEICO proposes the below deadlines relating to Plaintiff's motion for class certification, with each party having the agreed upon time to prepare and file its briefs. GEICO's proposed deadlines provide ample time for Plaintiff to prepare and submit any motion in support of class certification, and should be adopted by this Court.

WHEREFORE, subject to the Court's approval, the parties propose the following dates be used for the new case scheduling order:

//

//

JOINT PROPOSED CASE SCHEDULE- 7
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

| Scheduled Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Deadline for Plaintiff to disclose expert witnesses (if Plaintiff intends to rely upon expert testimony in support of class certification) | July 31, 2020 | March 4, 2019 (1-14-2019 Min. Entry) |
| Deadline for Plaintiff to File Motion for Class Certification | September 4, 2020 | July 3, 2020 |
| Deadline for Defendant to Disclose Expert Witnesses (if Defendant intends to rely upon expert testimony in opposing class certification) | October 2, 2020 | August 7, 2020 |
| Deadline to Complete Discovery on Class Certification | October 30, 2020 | September 4, 2020 |
| Deadline for Defendant to File Response on Motion for Class Certification | October 30, 2020 | September 4, 2020 |
| Deadline for Plaintiff to file Reply on Motion for Class Certification | November 27, 2020 | October 2, 2020 |

DATED this 12th day of May, 2020

BADGLEY MULLINS TURNER

*/s/ Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
Daniel A. Rogers, WSBA No. 46372
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Email:  dturner@badgleymullins.com
Email:  drogers@badgleymullins.com
**Attorneys for Plaintiffs and Class**

HUSCH BLACKWELL LLP

*/s/ Joshua Grabel (by permission)*
Joshua Grabel (*pro hac vice*)
Jamie L. Halavais (*pro hac vice*)
2415 E. Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: 480-824-7900
Email: josh.grabel@huschblackwell.com
Email: jamie.halavais@huschblackwell.com
**Attorneys for Defendant**

JOINT PROPOSED CASE SCHEDULE- 8
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

| | |
|---|---|
| LAW OFFICE OF RYAN C. NUTE | LEDGER SQUARE LAW |
| */s/ Ryan C. Nute* | */s/ L. Clay Sebly (by permission)* |
| Ryan C. Nute., WSBA No. 32530 | L. Clay Selby, WSBA #26049 |
| 19929 Ballinger Way NE, Suite 200 | 710 Market Street |
| Telephone: (206) 330-0482 | Tacoma, WA  98402 |
| Email: ryan@rcnutelaw.com | Telephone: 253-327-1900 |
| **Attorneys for Plaintiffs and Class** | Email: Clay@ledgersquarelaw.com |
| | **Attorneys for Defendant** |

LAW OFFICE OF RANDALL C. JOHNSON

*/s/ Randall C. Johnson, Jr.*
Randall C. Johnson, Jr., WSBA No. 24556
P.O. Box 15881
Seattle, WA 98115
Telephone: (206) 890-0616
Email: rcjj.law@gmail.com
**Attorneys for Plaintiffs and Class**

JOINT PROPOSED CASE SCHEDULE- 9
Case No. 2:18-cv-1253 RAJ

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686