HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERLE NICHOLS,

    Plaintiff,

  v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

Case No. 2:18-cv-01253-RAJ-MAT

ORDER OVERRULING OBJECTIONS AND AFFIRMING ORDERS OF MAGISTRATE JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendant's Objection/Request for Clarification of Order Granting in Part and Denying in Part Plaintiff's Motion to Compel (Dkt. # 59) and Plaintiff's Objection to Order from Magistrate and Request for Reconsideration of April 30 Order on Discovery (Dkt. # 70). For the reasons below, the Court **OVERRULES** the objections (Dkt. ## 59, 70) and **AFFIRMS** the orders (Dkt. ## 56, 67).

## II. BACKGROUND

The parties object to Magistrate Judge Mary Alice Theiler's two discovery orders. Defendant Geico General Insurance Company ("GEICO") objects to the order on Plaintiff Merle Nichols's motion to compel (Dkt. # 56), while Mr. Nichols objects to the order on GEICO's motion for protective order (Dkt. # 67). At bottom, the parties seek clarification. They believe that there are ambiguities and inconsistencies in the orders,

ORDER – 1

1 and they hope to resolve them using Rule 72 of the Federal Rules of Civil Procedure.

2      **A.    Magistrate's Order on Motion to Compel**

3      Mr. Nichols served discovery on GEICO. In one request, Request for Production No. 3, Mr. Nichols sought "all correspondence and/or other communication that refers or relates to Defendant's engagement of physicians (or groups of physicians) to evaluate [Personal Injury Protection] claims made to you by [Personal Injury Protection] claimants in the State of Washington from July 24, 2012, to the present." Dkt. # 26-3 at 8. Later, Mr. Nichols moved to compel GEICO to produce these documents. Dkt. # 25. The magistrate granted that motion in part and denied it in part. Dkt. # 56.

     Regarding RFP No. 3, the magistrate's order stated that "GEICO shall produce all responsive documents" and that "GEICO shall not object to [Mr. Nichols's] efforts to obtain responsive documents from third parties." *Id.* at 2. Separately, it instructed GEICO to extract a 500-claim sample (the "Sample Review") from the total number of Personal Injury Protection claims during a six-year class period *Id.* at 3. In responding to RFP No. 3, the magistrate held that GEICO "shall provide any direct correspondence found in the Sample Review between GEICO and any physician or medical provider which discusses or involves an [independent medical examination] being performed by the medical provider to an individual claimant." *Id.* at 3-4.

     GEICO sought clarification of this order by filing an "objection/clarification" under Local Rule 72. Dkt. # 59 at 2. It asserted that the order contained one inconsistency and one ambiguity.

     The inconsistency: in one part of the order, the magistrate held that "GEICO shall produce *all responsive documents*," but elsewhere it held that "[i]n responding to RFP No. 3, it shall provide any direct correspondence *found in the Sample Review*." *Id.* at 3 (second emphasis in original). Thus, GEICO was unsure whether the magistrate intended for GEICO to produce all responsive documents or to produce only the responsive documents found in the 500-claim sample review. *Id.* at 2-3.

ORDER – 2

The ambiguity: the magistrate held that "GEICO shall not object to any such efforts to obtain responsive documents from third parties." *Id.* at 4.  GEICO was unsure whether this prohibited them from asserting *any* objections to third-party discovery requests, even those exceeding the limits under the Federal Rules of Civil Procedure or under federal law more broadly. *Id.* at 4.

### B.   Magistrate's Order on Motion for Protective Order

Weeks later, Mr. Nichols served subpoenas on three Washington independent medical examination providers, prompting GEICO to move for a protective order. Dkt. # 67 at 2.  The magistrate granted the motion in part and denied it in part. *Id.* at 11. Clarifying the supposed inconsistency above, the magistrate explained, "Contrary to GEICO's contention, the Court did *not limit allowable discovery to the sample produced* in response to [RFP No. 3] and, indeed, explicitly provided for plaintiff's ability to seek discovery from third parties." *Id.* at 6 (emphasis added).

Later in the order, however, the magistrate excised Request 11 of the subpoenas because it sought information outside the Sample Review. *Id.* at 11.  Request 11 sought "[a]ll completed medical examination reports performed by [the third party] on behalf of GEICO in the State of Washington between July 24, 2012 and July 7, 2018." *Id.* at 10 (second alteration in original).  The magistrate reasoned that the request sought "claim information *exceeding that allowed for in the representative sample of claims* for class certification discovery." *Id.* (emphasis added).  Thus, it concluded, this request sought discovery "exceeding that found relevant and proportional to the needs of this case at this stage of the proceedings." *Id.*

Mr. Nichols objected to the magistrate's order under Local Rule 72 and requested reconsideration. Dkt. # 70.  He argued that the magistrate's exclusion of Request 11 (because it sought information "exceeding that allowed for in the representative sample of claims for class certification discovery") contradicted the magistrate's earlier holding (that "[c]ontrary to GEICO's contention, the [magistrate] did not limit allowable

ORDER – 3

discovery to the sample"). *Id.* at 3-4.

### III.  DISCUSSION

Under Rule 72 of the Federal Rules of Civil Procedure, a party may object to nondispositive orders, and the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.  Discovery motions are nondispositive, pretrial motions subject to the clearly erroneous or contrary to law standard of review. *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 637 (E.D. Cal. 2009).  A magistrate's factual determinations are reviewed for clear error, permitting a district court to overturn those determinations only if the district court reaches a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (quoting *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999)).  The magistrate's legal conclusions, on the other hand, "are reviewed *de novo* to determine whether they are contrary to law." *Id.*

Rule 72 is a poor fit here.  By and large, the parties do not contest the magistrate's factual or legal determinations, nor do they seek to "modify or set aside" parts of the order.  Instead, they seek clarification of supposedly contradictory or ambiguous terms.

GEICO's objection to the motion compel order points to no clearly erroneous factual determinations or any legal conclusions that are contrary to law.  It also does not seek to modify or set aside any portion of the order.  Rather, it seeks clarification. GEICO was unsure whether the scope of Mr. Nichols's discovery was limited to the 500-claim Sample Review.  Dkt. # 59 at 3.  But, as discussed, the magistrate later clarified its order by stating that it "did not limit allowable discovery to the sample." Dkt. # 67 at 6. And GEICO's other request for clarification is largely moot.  GEICO previously wondered whether the magistrate, by ordering GEICO not to object to Mr. Nichols's efforts to obtain third-party documents, intended to prevent GEICO from asserting any objections to third party discovery, including discovery that would exceed the bounds of federal law.  Dkt. # 59 at 4-5.  But, since entering that order, the magistrate heard and

ORDER – 4

decided GEICO's motion for protective order related to third party discovery.  Dkt. # 67.

Mr. Nichols's objection is similarly ill-fitting.  Despite observing that GEICO's Rule 72 objection was a "procedural[] irregular[ity]," Mr. Nichols filed an objection of his own.  Dkt. # 60 at 2.  The objection points to no clearly erroneous factual determinations or any legal conclusions that are contrary to law.  And the Court will not construe Mr. Nichols's "request for reconsideration" as a motion for reconsideration.  The request is not "plainly labeled as such," which is grounds for denial of such a motion, and Mr. Nichols does not even cite the rule for motions for reconsideration, Local Rule 7(h), at all.  Local Rules W.D. Wash. LCR 7(h).

In sum, the parties have failed to show that Rule 72 applies, and thus their objections are overruled.  That said, the Court believes that the parties' discovery efforts may benefit from clarification.  To the extent that they still seek clarification on the above, the parties may file a joint statement with the magistrate by **no later than two weeks from the entry of this order**.  The statement should be no longer than five pages long and should clearly identify the portions of the magistrate's orders that the parties would like clarified.

## IV.  CONCLUSION

For the reasons above, the Court **OVERRULES** the parties' objections (Dkt. ## 59, 70) and **AFFIRMS** the magistrate's orders (Dkt. ## 56, 67).  No later than two weeks from the entry of this order, the parties may file a joint statement with the magistrate seeking clarification of the magistrate's discovery orders.

DATED this 1st day of June, 2020.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5