The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERLE NICHOLS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No. 2:18-cv-01253-RAJ<br><br>**ORDER STRIKING THE PARTIES' MOTIONS TO SEAL** |

This matter comes before the Court on Plaintiff Merle Nichols's Motions to Seal (Dkt. ## 90, 99) and Defendant GEICO General Insurance Company's Motions to Seal (Dkt. ## 75, 79). For the reasons stated below, the Court **STRIKES** the parties' motions.

## I.     BACKGROUND

Mr. Nichols alleges that Defendant GEICO General Insurance Company ("GEICO") "engaged in a systematic practice of prematurely and unlawfully depriving its injured claimants of medical benefits under Personal Injury Protection (PIP) coverage." Dkt. # 16 ¶ 1.1. Ordinarily, Mr. Nichols says, PIP coverage pays for "reasonable and necessary" medical expenses and may only be terminated if a treatment is not (1) reasonable, (2) necessary, (3) related to an accident, or (4) incurred within three years of the accident. *Id.* ¶¶ 1.1-1.2. But according to Mr. Nichols, GEICO has terminated benefit payments when an insured has achieved "maximum medical

ORDER – 1

improvement," which violates Washington law. *Id.* Mr. Nichols contends that GECIO did this for "thousands of consumers" and accordingly brings the action on behalf of himself and a class of all others similarly situated. *Id.* GEICO, on the other hand, denies those allegations and asserts several affirmative defenses. Dkt. # 19.

The parties here have stipulated to a protective order. Dkt. # 23. Under that order, they may designate certain documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." *Id.* at 2, 5. Confidential information includes "medical or psychiatric information or records, proprietary or competitively sensitive claim handling protocols, policies, procedures, internal training materials, personnel records, business methodology, business plans, pricing information, and financial/accounting information." *Id.* at 2. The parties have indeed designated documents as "confidential" and have now attached confidential documents to various motions pending before the Court. To prevent disclosure of confidential information to the public, they have filed several submissions under seal. Dkt. ## 76, 80-82, 88, 91-92, 101-02.

## II.   DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (internal quotation marks omitted).

Under Rule 26(c), a trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). As the Supreme Court has recognized, sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive

ORDER – 2

standing." *Nixon*, 435 U.S. at 598.  The party seeking to seal a judicial record, however, must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g).  Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B).  And where the parties have entered a litigation agreement or stipulated protective order governing the exchange of documents in discovery, a party wishing to file a confidential document that it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B).  Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion. *Id.*

Motions to seal tend to proliferate.  Although the number of sealing motions here is still modest, that may not be the case as motion practice continues.  Thus, the Court must streamline the parties' sealing requests, while ensuring that the parties have met the legal standard for filing documents under seal.  To that end, in lieu of motions to seal, the Court instructs the parties to submit their sealing requests as a joint submission, described in more detail below.  For illustration: if a party wishes to file a document under seal, it must confer with the opposing party, prepare the joint statement as detailed in Section III below, and submit that joint statement instead of a motion to seal.

ORDER – 3

This applies to past and future motions to seal. For such motions already filed, the Court will strike the motions and instructs the parties to consolidate the motions into one joint submission. For motions yet to be filed, the parties must use the procedure set forth in Section III. To be clear, this does not relieve the parties of their ordinary burdens: They must still comply with local rules and must still show that the weighty presumption of public disclosure has been overcome. Any authority that the parties rely on must be included in the joint submission.

Accordingly, the Court **STRIKES** the parties' Motions to Seal. Dkt. ## 75, 79, 90, 99.

### III.   CONCLUSION

The Court will not accept motions to seal that fail to comply with the Local Rules and offer only boilerplate reasons to seal documents from the public domain. The parties are hereby **ORDERED** to meet and confer and file a joint statement concisely consolidating their positions on any materials for sealing by August 14, 2020. The joint statement, as discussed with the parties on the July 31, 2020 teleconference, must include (i) specific examples of harm from the designating party that would result from allowing the submitted materials, or portions thereof, into the public domain and (ii) articulated reasons as to why alternatives to sealing would be insufficient.

The joint statement must include a chart of the parties' positions in the form below.

| ECF No. | Detailed Document Description | Designating Party | Reasons for Confidentiality Designation | Reasons why alternatives to sealing, such as redactions, are insufficient |
|---|---|---|---|---|
|   |   |   |   |   |

Because of the COVID-19 pandemic, the courthouse in which this Court sits is currently closed until early September. General Order No. 11-20. The parties are not required to submit a physical courtesy copy at this time. Later, when the Court instructs them to do so, the parties must jointly submit a physical courtesy copy of the proposed

ORDER – 4

materials for sealing in a tabbed three-ring binder. The documents in the binder must be in the order that they appear in the chart. Where the designating party is proposing that only portions of a document be sealed, the redacted version shall immediately precede the document for sealing in the tabbed binder.

For the reasons stated herein, the Court **STRIKES** the parties' Motions to Seal. Dkt. ## 75, 79, 90, 99. The remaining pending motions remain intact. Dkt ## 73, 77, 94.

DATED this 31st day of July, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5