1

2                                                                The Honorable Richard A. Jones

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
8                                         AT SEATTLE

9

10   MERLE NICHOLS,                                Case No. 2:18-cv-01253-RAJ

                       Plaintiff,
11                                                 **ORDER ADOPTING THE**
                                                   **PARTIES' JOINT**
12       v.                                        **STATEMENT**

13   GEICO GENERAL INSURANCE
     COMPANY,
14
                       Defendant.
15
          Three motions are pending in this matter: one for summary judgment (Dkt. # 73)
16
     and two regarding the certification of a class (Dkt. ## 77, 94).  In support of or
17
     opposition to those motions, the parties sought to file certain documents under seal and
18
     accordingly filed several motions to seal.  Dkt. ## 75, 79, 90, 99.  This Court previously
19
     struck the motions to seal.  Dkt. # 111.  Instead, the Court required the parties to submit
20
     their sealing requests in the form of a joint statement.  *Id.*  That joint statement required
21
     the parties to provide, among other things, "(i) specific examples of harm from the
22
     designating party that would result from allowing the submitted materials, or portions
23
     thereof, into the public domain and (ii) articulated reasons as to why alternatives to
24
     sealing would be insufficient."  *Id.* at 4.  The parties have since filed that joint
25
     statement.  Dkt. # 116.
26

27

     ORDER – 1

1
2
3
4
5
6

The joint statement is divided into two sections.  The first section addresses sealed documents with respect to Defendant GEICO General Insurance Company's motion for summary judgment.  The parties agree that "none of the exhibits to GEICO's motion for summary judgment need to be filed under seal."  *Id.* at 2.  Given that, the Court instructs GEICO to re-file unsealed versions of Exhibits 4, 5, 7, 8, and 9.  Dkt. # 76.

7
8
9
10
11
12

The second section addresses sealed documents with respect to the motions relating to class certification.  *Id.* at 2-3.  The parties divide the sealed documents into four categories.  First are documents containing Plaintiff Merle Nichols's medical information.  Dkt. # 116 at 3.  These documents, the parties concede, were publicly filed in another lawsuit and are therefore part of the public record.  *Id.* at 2-3.  The Court instructs the parties to re-file unsealed version of all documents in this category.

13
14
15
16
17
18
19

The three remaining categories are for documents containing GEICO's confidential trade secrets or proprietary competitive information; confidential medical information of GEICO insureds or claimants who are not parties to this lawsuit[1]; and briefs or declarations containing confidential information.  Unlike the first category, the parties still request that these categories of documents be sealed.  As to these documents, the Court finds that the parties have met the applicable sealing legal standard.

20
21

In the Ninth Circuit, courts are split on whether the "good cause" or "compelling reasons" standard applies to sealed documents in the class certification context.

22
23
24
25
26
27

---

[1] The parties disagree on whether this category of documents should be sealed.  Dkt. # 116 at 3-4.  Mr. Nichols believes that these documents are sufficiently anonymous. *Id.*  GEICO, on the other hand, disagrees, claiming that it is required by the law to maintain the medical information of third party insureds as confidential.  *Id.*  The Court agrees with GEICO.  *Id.*  Mr. Nichols, in principle, does not disagree that GEICO must not improperly disclose the medical information of third party insureds.  *Id.*  He also does not address GEICO's argument that, if the documents are not sealed, the data could be "reverse engineered to identify individuals."  *Id.*  For these reasons, this category of documents may remain under seal.

ORDER – 2

*Compare Ramirez v. GEO Grp.*, No. 3:18-cv-02136-LAB-MSB, 2019 WL 6782920, at *3 (S.D. Cal. Dec. 11, 2019) ("The vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the good cause sealing standard applies.") (internal quotation marks omitted) *with Yan Mei Zheng v. Toyota Motor Corp.*, No. 5:17-cv-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) ("This Court follows numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal documents relating to class certification."). The parties do not address this intra-circuit divide. But that does not change the Court's holding—the documents in these three categories are appropriately sealed under either standard.

To the extent it is consistent with this Order, the Court **ADOPTS** the parties' joint statement. Dkt. # 116. The parties appear to have already filed the remaining three categories of documents under seal. Dkt. # 117. These documents may remain under seal. **Within 14 days of this Order**, the parties must re-file unsealed versions of all documents that they are no longer seeking to be sealed. Like the parties did with Docket Entry No. 117, each re-filed, unsealed document must be preceded by a slipsheet. The slipsheet should identify what motion, declaration, or docket entry the newly unsealed document corresponds to.

DATED this 31st day of August, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3

1

2                                                                        _____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER – 4