UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERLE NICHOLS on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY, a foreign automobile insurance company,<br><br>Defendant. | CASE NO. 2:18-cv-01253-TL<br><br>ORDER ON MOTIONS TO SEAL |

Pending before this Court are three motions to seal (Dkt. Nos. 141, 151, and 158). For the reasons set forth below, these motions are GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND

All three motions are brought by Defendant GEICO General Insurance Company ("GEICO"), are unopposed by Plaintiff Merle Nichols, and concern substantially similar subject matter. *See* Dkt. No. 141 at 2–3, Dkt. No. 151 at 2–3, and Dkt. No. 158 at 2–3. The first was

filed on May 15, 2021, regarding the parties' Joint Status Report (redacted version filed as

Docket Number 139, sealed version filed as Docket Number 143) and Defendant's Motion for a

Stay Pending Appeal (redacted version filed as Docket Number 140, sealed version filed as

Docket Number 142). Dkt. No. 141. The second motion to seal was filed on August 18, 2021,

regarding Defendant's Motion for a Stay Pending En Banc Review (redacted version filed as

Docket Number 150, sealed version filed as Docket Number 152). Dkt. No. 151. The third

motion was filed on November 24, 2021, regarding an Updated Joint Status Report (redacted

version filed as Docket Number 157, sealed version filed as Docket Number 159). Dkt. No.

158.On November 29, 2021, the Court terminated two of the underlying motions (Dkt. Nos. 140

and 150) because they had been withdrawn. None of the filings the parties seek to seal are

dispositive motions.

A protective order is in place affording limited protection against public disclosure of

certain designated confidential material, but by its own terms, it does not "presumptively entitle

[the] parties to file confidential information under seal." Dkt. No. 23 at 1. After adopting the

parties' proposed stipulated protective order, the Court granted motions to seal several

documents, including a hearing transcript. Dkt. Nos. 47 and 57. A subsequent court order

requires the parties to confer and submit any sealing requests in the form of joint statements. *See

generally* Dkt. No. 111. The Court has since granted motions to seal by the parties that complied

with that order. Dkt. Nos. 118 and 137; *see also* Dkt. Nos. 116, 123, and 130. The parties have

conferred and submitted the instant sealing requests in the form of joint statements. Dkt. Nos.

141, 151, and 158.

## II. DISCUSSION

The public has a right to inspect and copy judicial records. *Nixon v. Warner Commc'ns,

Inc.*, 435 U.S. 589, 597–98 (1978). Indeed, there is a "strong presumption in favor of access" to

1   these records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

2   (internal citations omitted). While requests to seal judicial records attached to a dispositive

3   motion are held to a "compelling reasons" standard, non-dispositive materials that are "unrelated,

4   or only tangentially related to the underlying cause of action" can be sealed if "'good cause'

5   exists to protect this information . . . by balancing the needs for discovery against the need for

6   confidentiality." *Id*. at 1179–80. "Where the motion at issue is tangentially related to the

7   underlying cause of action, the party seeking to seal information need only show there is 'good

8   cause' to seal the information 'to protect a party or person from annoyance, embarrassment,

9   oppression, or undue burden or expense.'" *Moussouris v. Microsoft Corp.*, No. 16-MC-80170-

10  MEJ, 2016 WL 5870010, at *1 (N.D. Cal. Oct. 7, 2016) (quoting *Ctr. for Auto Safety v. Chrysler

11  Grp., LLC*, 809 F.3d 1092, 1097-1101 (9th Cir. 2016); *see also* Fed. R. Civ. P. 26(c). Given that

12  the instant motions to seal are connected to joint status reports and motions to stay, none of

13  which are case-dispositive, the Court reviews them for a showing of 'good cause.'

14      The Court's previous order allowed sealing of the following, with respect to motions

15  relating to class certification: (1) documents containing GEICO's confidential trade secrets or

16  proprietary competitive information; (2) confidential medical information for GEICO insureds or

17  claimants who are not parties to this lawsuit; and (3) briefs or declarations containing

18  confidential information. Dkt. No. 118 at 2.[1] Much of the information the parties are currently

19  seeking to seal is sufficiently similar—if not identical to—the competitive business information

20  previously allowed to be filed under seal.

21

22

---

23  [1] As noted in the previous order, there is an intra-circuit split within the Ninth Circuit about which of these standards
    applies in the class certification context. Dkt. No. 118 at 3. However, the Court did not need to determine whether

24  the 'compelling reasons' or 'good cause' standard applied, because it found that the documents that fell within the
    above-listed categories were appropriately sealed under either standard.

1        In charts summarizing why sealing would be appropriate under the heading "Reasons for

2 Confidentiality Designation," GEICO asserts that the materials contain information "derived

3 from" three declarations of employee Roberto Noriega (Dkt. Nos. 38, 81, and 122) and related to

4 its "confidential claims adjusting procedures and claims sampling contained therein, as well as

5 the confidential information contained in prior documents already under seal." Dkt. No. 141 at 3;

6 Dkt. No. 151 at 3; Dkt. No. 158 at 3. GEICO's allegations of harm do not get much more

7 specific in the remainder of the joint statements. In all three joint statements, GEICO uses the

8 same stock language to describe the "specific discussions of confidential information, including

9 GEICO's processing of PIP claims, and GEICO's analysis and tracking of these claims" that it

10 has redacted. Dkt. No. 141 at 2; Dkt. No. 151 at 2; Dkt. No. 158 at 2. GEICO then offers a

11 chronology of the other motions to seal granted by the Court with examples of the information it

12 has been allowed to seal in the past. Dkt. No. 141 at 5; Dkt. No. 151 at 5; Dkt. No. 158 at 5

13 (noting the Court had allowed sealing of information about "GEICO's electronic data systems

14 and the data that GEICO maintains, tracks, and can search relating to GEICO's claims handling

15 and amounts of claims paid," as well as "references to confidential and proprietary information

16 regarding the number of GEICO PIP claims in Washington State during a particular time period,

17 the disclosure of which could injure GEICO competitively").

18        Similarly, in each of the relevant joint statements, GEICO avers alternatives are

19 insufficient because the information it is seeking leave to seal includes the company's

20 "confidential trade secrets and proprietary confidential competitive information" that is

21 "substantively indistinguishable from information this Court has already ruled should be

22 maintained under seal in this matter," is "identifiable to GEICO," and "cannot be redacted," due

23 to its pertinence to the associated filing(s). Dkt. No. 141 at 3, 6; Dkt. No. 151 at 3, 6; and Dkt.

24 No. 158 at 3, 6. Likewise, in all three statements, Plaintiff Nichols' position regarding potential

1  alternatives to sealing is represented as one of non-objection and lack of "sufficient knowledge to

2  assess the asserted proprietary sensitivity" of the information at issue. Dkt. No. 141 at 3; Dkt.

3  No. 151 at 3; and Dkt. No. 158 at 3.

4         The instant decision does not disturb previous rulings in this case. Materials that have

5  previously been allowed to be sealed shall remain under seal.

6         However, the Court finds no good cause to allow the parties to seal information that

7  relates purely to the amount of time they expect litigating this case will take. The Court has not

8  previously allowed this type of information to be filed under seal. Additionally, the Court has

9  specifically informed the parties that it "will not accept motions to seal that fail to comply with

10  the Local Rules and offer only boilerplate reasons to seal documents from the public domain."

11  Dkt. No. 111 at 4. The Court directed that each sealing request must be accompanied by

12  (1) "specific examples" of the harm that would result from allowing the material (or portions

13  thereof) into the public domain and (2) "articulated reasons" why less restrictive alternatives to

14  sealing would be insufficient. Dkt. No. 111 at 4; *see also* LCR 5(g)(3). Yet, the parties fail to

15  supply in their joint statements any rationale supporting their attempt to veil from public

16  disclosure information about the length of time their case will likely be pending before this

17  Court. *See, e.g.*, Dkt. No. 139 at 2 (". . . GEICO estimates that review of subject PIP claim files

18  for inclusion in the class list will take approximately XX months."); Dkt. No. 140 at (". . . the

19  preliminary review of GEICO's claim files could XX – over XX – to complete"); Dkt. No. 150

20  ("The Court-ordered sample review of 500 of these claims took XX . . ."); Dkt. No. 157 at 2

21  ("Based on GEICO's experience with the sample, it can review these files in approximately XX

22  days.").

23         Particularly troubling is GEICO's attempt to conceal its outrageous request for a 200-day

24  (40-week) jury trial. This extraordinary, unwarranted, and absolutely unsupported demand on

taxpayer-supported judicial resources is totally at odds with the timeframe that Geico (along with the Plaintiff) initially estimated would be required to try this case if it had been certified as a class action. *See* Dkt. No. 17 at 8 ("An individual trial could take a few days, whereas a class trial could take two to three weeks."). This Court has the power to issue sanctions against attorneys and firms that engage in bad faith conduct, and it will not tolerate such abusive litigation tactics going forward. *See* Fed. R. Civ. P. 11; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the rules, the court may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to the task").

### III.   CONCLUSION

Thus, the parties' pending motions to seal (Dkt. Nos. 141, 151, and 158) are GRANTED IN PART and DENIED IN PART.

The parties are ORDERED to re-file the documents currently labelled with Docket Numbers 139, 140, 150, and 157 without redactions for any estimates or calculations regarding the amount of time it will take for review of claim files or to otherwise try this case. The Clerk of court is instructed to strike Docket Numbers 139, 140, 150, and 157.

IT IS SO ORDERED.

Dated this 25th day of February 2022.

Tana Lin
United States District Judge