1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10
11
12
13
14
15

| | |
|---|---|
| MERLE NICHOLS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>GEICO GENERAL INSURANCE COMPANY, a foreign automobile insurance company,<br><br>                  Defendant. | NO. C18-1253-TL-SKV<br><br>**STIPULATED MOTION AND SUBJOINED ORDER STRIKING CASE SCHEDULE**<br><br>**NOTE ON MOTION CALENDAR: August 2, 2024** |

16

## I.  INTRODUCTION.

17
18
19
20

      Plaintiff Merle Nichols and Defendant GEICO General Insurance Company ("GEICO") stipulate and jointly move the Court to strike the present case schedule to allow the Parties to prepare for and conduct a comprehensive mediation.  Dkt. 194.

21
22
23

      This is a certified class action arising from GEICO's alleged use of a Maximum Medical Improvement ("MMI") standard to limit Personal Injury Protection ("PIP") benefits, an alleged violation of Washington law.  GEICO denies these allegations.

24
25
26

      The Parties anticipate they can schedule an initial mediation session to occur within one hundred (100) days.

STIPULATED MOTION AND SUBJOINED
ORDER STRIKING CASE SCHEDULE - 1
NO. C18-1253-TL-SKV

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## II.  STATEMENT OF FACTS.

In April 2021, the Court granted Plaintiff's Motion for Class Certification and certified the *Nichols* class.  Dkt. 137.[1]  To arguably satisfy the certified *Nichols* Class definition, two factual occurrences must be present: (1) the insured underwent an Independent Medical Examination ("IME") and (2) GEICO cited the claimant's achievement of MMI as a basis to limit past or future medical expenses. GEICO has consistently asserted that it has no electronic method of identifying claim files where both occurrences are present.  Thus, the most practical method of preparing a Class List was for GEICO to produce, and Plaintiff to review, putative Class Members' claim files.

In April 2022, the Parties reached an agreement and submitted a Joint Discovery Plan detailing the production and review process. Dkt. 172.  In that Joint Discovery Plan, the Parties agreed that this production and review process would take approximately two-hundred and forty-four (244) days.  *Id*.  By March 2023, approximately one year after entry into the Joint Discovery Plan, GEICO had produced 5,442 pages, which it estimated were 40% of relevant claim files.  Dkt. 180.  Plaintiff's Counsel reviewed these materials and continued to prepare a Class List.

Following withdrawal of GEICO's prior counsel in August 2023, Plaintiff and GEICO reached agreements to streamline future productions of claim file materials.  Through discussions with undersigned counsel for GEICO, Plaintiff began to receive additional claim file productions in December 2023.  Between December 2023 and May 2024, GEICO made approximately eight (8) further claim file productions.  In total, GEICO produced approximately 139,000 pages of claim file materials requiring review.

---

[1] GEICO subsequently appealed this ruling, which was denied in September 2021.  Dkt. 155.

STIPULATED MOTION AND SUBJOINED
ORDER STRIKING CASE SCHEDULE - 2
NO. C18-1253-TL-SKV

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

In July 2024, Plaintiff's Counsel completed its review, and published an MS-Excel spreadsheet to GEICO identifying which putative claimants are asserted to satisfy the *Nichols* Class definition, and thus, would be entitled to certification/opt-out notice.

### III.  DISCUSSION.

**A.  Good Cause Exists to Strike the Case Schedule.**

For months, the Parties have jointly expressed interest in conducting a comprehensive mediation in order to explore potential resolution of this action without the cost and expense of trial preparations.  But to do so, it was necessary to complete the claim file production and review process originally agreed upon in April 2022.  That process was completed in July 2024.[2]  As such, the primary impediment to concerted and candid discussions to explore resolution of this dispute has been overcome.

Trial preparations would require, among other tasks: (1) the issuance of certification/opt-out notices, (2) the engagement of expert witnesses, (3) further written discovery as to Class Members' alleged damages, as allegedly evidenced within GEICO's claim files, and (4) dispositive motions practice.  Due to the number of Class Members, scope of materials relevant to Plaintiff's claims and GEICO's defenses, each step will carry substantial cost and expense.

To avoid those costs and expenses, and to more accurately identify the scope of disputed issues and facts, the Parties wish to schedule an initial mediation session to occur and explore resolution within the next one-hundred (100) days.

/ / /

/ / /

---

[2]      Given that production of GEICO's claim file materials took almost eighteen (18) months longer than anticipated in the Parties' April 2022 Joint Discovery Plan (Dkt. 172), a substantial modification of the present case schedule would be necessary, whether or not the Parties' sought to conduct mediation.

STIPULATED MOTION AND SUBJOINED
ORDER STRIKING CASE SCHEDULE - 3
NO. C18-1253-TL-SKV

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

**IV.  CONCLUSION.**

The Parties jointly request the Court strike the current case schedule to allow the Parties to schedule an initial mediation session to occur within one hundred (100) days, and requiring they file a joint status report within thirty (30) days of mediation, advising the Court of its outcome.  If the Parties are unable to reach agreement, they will jointly propose a new case schedule and trial date.

IT IS SO STIPULATED this 2nd day of August, 2024.

BADGLEY MULLINS TURNER

*/s/ Mark A. Trivett*

Mark A. Trivett, WSBA #46375
Duncan C. Turner, WSBA #20579
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Email: mtrivett@badgleymullins.com;
dturner@badgleymullins.com
***Attorneys for Plaintiffs and Class***

WILLIAMS KASTNER & GIBBS PLLC

*/s/ Stacy L.R. DeMass*

Stacy L.R. DeMass, WSBA #45592
Rodney L. Umberger, WSBA #24948
601 Union Street, Suite 4100
Seattle, WA 98101
Telephone: (206) 628-6600
Email: sdemass@williamskastner.com
rumberger@williamskastner.com
***Attorneys for Defendant***

LAW OFFICE OF RANDALL C. JOHNSON

*/s/ Randall C. Johnson, Jr.*

Randall C. Johnson, Jr., WSBA #24556
P.O. Box 15881
Seattle, WA 98115
Telephone: (206) 890-0616
Email: rcjj.law@gmail.com
***Attorney for Plaintiffs and Class***

RIVKIN RADLER LLP

*/s/ John Marino*

John Marino *(pro hac vice)*
Kristen L. Wenger *(pro hac vice)*
1301 Riverplace Blvd, 10th floor
Jacksonville, FL 32207
Telephone: (904) 792-8963
Email: john.marino@rivkin.com
kristen.wenger@rivkin.com
***Attorneys for Defendant***

/ / /

/ / /

## **SUBJOINED ORDER**

The Court, having considered the Parties' motion, Dkt. 194, and having reviewed the present case schedule and docket history, hereby STRIKES the case schedule and trial date.  *See* Dkt. 182.  The Parties are provided one hundred (100) days to conduct a mediation, and shall prepare and file a joint status report within thirty (30) days of mediation advising the Court of its outcome.  If the Parties do not, for whatever reason, reach a resolution, they will propose a new case schedule and trial date in the aforementioned joint status report.

DATED this 8th day of August, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

STIPULATED MOTION AND SUBJOINED
ORDER STRIKING CASE SCHEDULE - 5
NO. C18-1253-TL-SKV

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686