UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERLE NICHOLS on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>GEICO GENERAL INSURANCE COMPANY, a foreign automobile insurance company,<br><br>      Defendant. | CASE NO. 2:18-cv-01253-TL<br><br>ORDER REGARDING HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT |

This matter is before the Court on the Parties' Stipulated Motion for Preliminary Approval of a Class-Action Settlement. Dkt. No. 201. The Court has scheduled a preliminary fairness hearing for July 28, 2025, at 11 a.m. Dkt. No. 207. The Parties should be prepared to address the following topics and subtopics regarding the terms of settlement:

  **(1)  Clarification regarding GEICO Defendant(s)**

  The Court notes that defense counsel appears to be representing the interests of all GEICO entities operating in Washington, including those previously terminated from the case by the Second Amended Complaint (Dkt. No. 16; *see also* Dkt. No.

15 (stipulated motion to amend complaint); Dkt. No. 2 at 1 n.1 (Defendant's Corporate Disclosure Statement) (first identifying "Government Employees Insurance Company and its affiliates" as apparent intended defendants of original complaint)). The Court further notes that the proposed notice to Non-General Subclass members would inform recipients that "Class Counsel contends that you are the beneficiary of a personal injury claim submitted on a PIP policy issued *by the Defendant*" and explains that "*Defendant* will pay" settlement shares to class members in exchange for a release of "claims against the *Defendant*." Dkt. No. 202-3 at 5, 3 (emphases added). Which GEICO entities are defendants for purposes of the settlement agreement?

    a.    If GEICO entities other than GEICO General are being (re-)added as defendants, is there any authority supporting joinder, at settlement stage, of new defendants settling claims against new class members?

    b.    Rather than re-adding defendants previously terminated, should the Court find that GEICO General was improperly substituted and revive the First Amended Complaint as controlling?[1]

    c.    If GEICO General remains the only defendant,

        i.    Can settlement class members be added without joining the individual GEICO entities against whom they may have claims?

        ii.    Can the Court bind non-parties to a settlement agreement?

**(2)   Settlement Class definition**

The Certified Class and the Settlement Class are defined in identical terms, *compare* Dkt. No. 137 (order certifying class) at 3, *with* Dkt. No. 201 at 3, yet the parties assert that it is the General Subclass, not the overall class, that is "identical to the previously certified" class, Dkt. No. 201 at 6. What is the explanation for this?

**(3)   Potential concerns regarding the proposed subclasses**

    a.    Disparity in treatment of the proposed subclasses

    b.    Lack of a Class Representative for Non-General Subclass

    c.    Inclusion of non-impacted individuals in Non-General Subclass

---

[1] Other than the Defendant(s) named in the caption and the first sentence, there are no differences between the First and Second Amended Complaints. *Compare* Dkt. No. 8, *with* Dkt. No. 16.

By "non-impacted individuals," the Court refers to any individual insured by a non-General GEICO entity who submitted a PIP claim and is believed to have undergone an IME, but for whom GEICO did not limit or terminate benefits or deny coverage based upon a "maximum medical improvement" determination. *Compare* Dkt. No. 201 § II.C.1 (Class Definition), *with* § II.C.1.a ("Non-General Subclass"). These individuals would appear to be included in the Non-General Subclass, but not the overall class.

**(4) Amount of proposed representative award**

*Compare* Dkt. No. 201 at 18, *with Stedman v. Progressive Ins. Co.*, No. C18-1254, 2023 WL 5974865, at *2 (W.D. Wash. Sept. 14, 2023) (seeking $5,000 for each class representative).

**(5) Potential for discovery on Non-General Subclass claims**

**(6) Sufficiency of proposed class notice forms**

The parties indicate that "if the settlement provides different kinds of relief for different categories of class members," "a settlement notice should . . . clearly set out those variations." Dkt. No. 201 at 19. However, the proposed notices appear to lack this information *See generally* Dkt. Nos. 202-2, 202-3.

If the Parties would like the Court to review additional briefing on any of these topics or any observation offered by the Court, they SHALL file such briefing, not to exceed **4,200 words**, no later than **July 21st, 2025**.

The Court further DIRECTS the Clerk of Court to reset the noting date for the Stipulated Motion for Preliminary Approval of a Class-Action Settlement (Dkt. No. 201) for July 28, 2025.

Dated this 3rd day of July, 2025.

Tana Lin
United States District Judge