UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERLE NICHOLS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GEICO GENERAL INSURANCE COMPANY, a foreign automobile insurance company,<br><br>Defendant. | CASE NO. 2:18-cv-01253-TL<br><br>ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT |

Before the Court is the Parties' Stipulated Motion for Final Approval of Class Settlement. Dkt. No. 223. The Court has considered the Motion and all materials submitted in support of the proposed Settlement Agreement, including the preliminary approval motion (Dkt. No. 218), all documents and exhibits filed in support thereof, and the record in the case.[1]

---

[1] The definitions set forth in the parties' Settlement Agreement Dkt. No. 219-1, and the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 220) are hereby incorporated herein as though fully set forth herein.

ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT – 1

Having considered these materials and the statements of counsel at the Final Approval Hearing on July 15, 2026 (Dkt. No. 228), the Court, being fully advised, has determined that the proposed Settlement Agreement should be approved as fair, adequate, and reasonable and GRANTS the motion. To reach this determination, the Court FINDS the following:

(1)    The Court has jurisdiction over the subject matter of this action and all parties, including members of the Settlement Classes previously certified by the court, which is comprised of:

> All insureds, as defined within GEICO's Automobile Policy, and all third-party beneficiaries of such coverage, under any GEICO insurance policy effective in the state of Washington between July 24, 2012 and the present, for whom GEICO General Insurance Company limited or terminated benefits, or denied coverage based, even in part, upon its determination that its insured or beneficiary had reached "maximum medical improvement" or that such benefits were not "essential in achieving maximum medical improvement for bodily injury."

(2)    On or about April 13, 2026, the Settlement Administrator began distributing the Court-approved Notice and Claim Form to Settlement Class members, by direct U.S. Mail and (where available) e-mail. The Court finds that the program of individual mailing Class Notices to Class Members by U.S. Mail and e-mail (where available) provided the best practicable notice under the circumstances.

(3)    The Notices provided detailed information regarding this Litigation, including the Class definition, the parties' respective claims and defenses, relief available to Settlement Class Members, and the procedures for appearing, objecting, or opting out prior to final approval.

(4)    The Settlement Administrator's declaration confirms that the Notice Program was timely completed in accordance with the terms of the Settlement Agreement and Preliminary-Approval Order. The Court finds and concludes that the notice program fully satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and the requirements of due process.

(5)    Zero (0) objections were received.

(6)    Zero (0) exclusion requests were received.

ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT – 2

(7)    The Agreement was the result of arm's length negotiations between Class Counsel and counsel for the Defendants. Further, Class Counsel and the Class Representative have adequately represented the interests of the Settlement Class.

(8)    The Agreement provides adequate relief to the Settlement Class. To reach this determination, the Court considered the likelihood of success in respect to the claims of the Settlement Class, and Defendants' available defenses. The Court has also considered the status and extent of the Parties' investigation, research, discovery, and negotiation. Finally, the Court considered the costs and risks associated with further litigation, and the potential delays presented by trial and subsequent appeals.

(9)    The Court has appointed Badgley Mullins Turner, PLLC and the Law Offices of Randall C. Johnson as Class Counsel.

(10)    Class Counsel has requested the Court award $866,580 as attorney's fees and $12,450.33 in costs, to be paid from the gross settlement fund. *See* Dkt. #219-1 (Settlement Agreement), Plaintiff's Motion for Attorney's Fees, Costs, and Incentive Award (Dkt. No. 224).

(11)    These requested attorney's fees are fair and reasonable. The Court reaches this conclusion after analyzing: (1) the results Class Counsel achieved; (2) Class Counsel's risk in this litigation; (3) the complexity of the issues presented; (4) the hours Class Counsel worked on the case; (5) Class Counsel's hourly rate; (6) the contingent nature of the fee; and (7) awards made in similar cases.

(12)    Class Counsel has submitted authority and declarations supporting their incurred, and estimated to be incurred, lodestar of $660,804. *See* Dkt. Nos. 224, 225, 226.

(13)    The hours claimed by Class Counsel were reasonably expended on the investigation, preparation, filing, and litigation of the Plaintiffs' and putative Class's claims.

(14)    Class Counsel's attorney's hourly rates—between $350 and $650—are reasonable hourly rates considering their individual "experience, skill, and reputation," *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) and the prevailing market rates in this jurisdiction, *see Blum v. Stenson*, 465 U.S. 886, 895 (1984).

(15)    Applying these hourly rates to the hours reasonably expended by Class Counsel, the Court concludes that Class Counsel's incurred and estimated lodestar of $660,804 is fair and reasonable.

(16)    Class Counsel performed high-quality work, resulting in a favorable collective settlement for Class Members.

ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT – 3

(17)  Further, the quality of Class Counsel's representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment justify Class Counsel an upward adjustment to the Ninth Circuit's benchmark of 25%. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1298 (9th Cir. 1994).

(18)  Class Counsel has requested, and the Court awards, a fee award of $866,580 equal to 33.33% of the gross settlement fund of $2,600,000.

(19)  The litigation expenses and costs incurred by Class Counsel were reasonable, necessary, and appropriately documented in the declaration filed by Class Counsel.

(20)  Based on the foregoing findings and analysis, the Court also awards Class Counsel $12,450.33 in litigation expenses and costs.

(21)  This Court also awards $10,000 as an incentive award for Plaintiff/Class Representative Merle Nichols in recognition of his critical contribution to this litigation and continued advocacy on behalf of his fellow Class Members.

## I.     CONCLUSION

Good cause appearing therefore and for the additional reasons stated on the record at the Final Approval Hearing, it is hereby ORDERED:

(1)  The Court FINDS that the Settlement is fair, reasonable, and adequate.

(2)  The Court further FINDS that the proposed award and manner of payment for attorneys' fees and costs, and a $10,000 incentive award are fair, reasonable, and adequate.

(3)  The Parties are DIRECTED to proceed with the Settlement Payment procedures specified in the Settlement Agreement.

(4)  The Parties are AUTHORIZED, without further approval from the Court, to mutually agree to and adopt such amendments, modifications and expansions of the Settlement Agreements and all exhibits thereto as are consistent in all material respects with this Order and Court's Order on Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award.

(5)  Without affecting the finality of this Order for purposes of appeal, the Court RESERVES jurisdiction over the Parties as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, this Order, the Court's Order on Plaintiff's Motion for

Attorneys' Fees, Costs, and Incentive Award, and for any other necessary purposes.

(6)    The Settlement Agreement is given full force and effect, and Class Representatives and individual Settlement Class Members' Released Claims, as articulated in the Settlement Agreement, are RELEASED and forever discharged.

(7)    The Court APPROVES the proposed class action settlement and ORDERS the following: (a) Defendants are DIRECTED to fund the settlement, (b) the Settlement Administrator is AUTHORIZED to distribute the Settlement Funds, and (c) the Settlement Administrator is DIRECTED to distribute the attorneys' fees and incentive award as provided in the Settlement Agreement and the Order on Plaintiff's Motion for  Attorneys' Fees, Costs, and Incentive Award.

(8)    This action is hereby DISMISSED in its entirety with prejudice.

Dated this 15th day of July, 2026.

Tana Lin
United States District Judge

ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT – 5